HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASSAMBA DJITTE,

    Plaintiff,

vs.

DELTA GLOBAL SERVICE,

    Defendant.

CV No. 2:19-cv-00480-RAJ

**~~PROPOSED~~ ORDER DENYING MOTION TO COMPEL**

This matter is before the Court on Plaintiff Massamba Djitte's motion to compel. Dkt. # 19. For the following reasons, Plaintiff's motion is **DENIED**.

On December 26, 2019, less than two weeks before the close of discovery, Plaintiff attempted to subpoena witness Wabi Wagita to appear for a deposition on January 2, 2020. Plaintiff initially asked Defendant Delta Global Services to schedule the deposition but was informed that Ms. Wagita was no longer an employee of the Defendant. Dkt. # 21 at 3. Plaintiff then proceeded to email a copy of the subpoena to Ms. Wagita seven days before the proposed date of the deposition. Plaintiff represents that Ms. Wagita did not appear for the deposition on January 2, 2020. On January 6, 2020, Plaintiff filed the instant motion to compel Ms. Wagita's deposition. Dkt. # 19.

There are a number of issues with Plaintiff's request. First, the Court cannot order Ms. Wagita to comply with a subpoena that was never properly served. Under Fed. R. Civ. P. 45(b)(1), deposition subpoenas must be personally served by a non-party. Here, it appears that Plaintiff emailed the subpoena to Ms. Wagita directly. Dkt. # 21 at 2. This is improper.

In addition, Plaintiff's motion is untimely. This Court's scheduling order clearly requires discovery motions to be noted "no later than the Friday before discovery closes" pursuant to Local Rule 7(d)(3). Dkt. # 15. In this case, discovery motions should have been noted by January 3, 2020. Plaintiff's motion was noted for January 24, 2020, three weeks *after* the deadline and just days before the dispositive motion deadline.

Where a motion is untimely, the Court must consider if there is good cause justifying the delay. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007). Here, Plaintiff's only justification for the delay is his conclusory assertion that opposing counsel are "uncooperative" and did not help to make Ms. Wagita available for deposition. Dkt. # 19 at 1. As previously discussed, however, Ms. Wagita is not an employee of the Defendant. As such, Defendant was under no obligation to make her available for a deposition.

The Court appreciates that Plaintiff is proceeding *pro se*, but this does not absolve him of his obligation to comply with Court deadlines and other procedural requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*pro se* litigants must follow same rules of procedure that govern other litigants). This Court's scheduling order is not a suggestion and Plaintiff's failure to abide by it will not be tolerated.

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the

deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Accordingly, Plaintiff's motion to compel is **DENIED**. Dkt. # 19.

DATED this 2nd day of April, 2020.

The Honorable Richard A. Jones
United States District Judge