HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASSAMBA DJITTE,

        Plaintiff,

vs.

DELTA GLOBAL SERVICE,

        Defendant.

CIVIL ACTION NO. 2:19-cv-00480-RAJ

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's motion for summary judgment. Dkt. # 23. For the following reasons, Defendant's motion is **GRANTED**.

## I.    BACKGROUND

*Pro se* Plaintiff Massamba Djitte ("Plaintiff" or "Mr. Djitte") is a former employee of Defendant Delta Global Service ("Defendant" or "Delta"). Dkt. # 1-1. On October 20, 2017, Plaintiff alleges that his coworker, Akesa Feaomoeata, directed a racial slur at

ORDER - 1

him. Dkt. # 1-1 at ¶ 2. Plaintiff reported the incident to upper management but alleges Delta did not take appropriate measures to resolve the issue. *Id.* After the incident, Plaintiff stopped coming to work. Dkt. # 25, Ex. I. On December 18, 2017, Delta terminated Plaintiff's employment on the basis of job abandonment. Dkt. # 25 at ¶ 35, Ex. L.

On March 8, 2019, Plaintiff brought suit against Delta in King County Superior Court. Dkt. # 1-1. Although not entirely clear from the complaint, it appears that Plaintiff is asserting a hostile work environment claim and possibly discrimination or retaliation claims. Defendant timely removed to this Court. Dkt. # 1. Defendant now moves for summary judgment. Dkt. # 23.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

### III.  DISCUSSION

#### A. <u>Hostile Work Environment</u>

To establish a prima facie case for a hostile work environment under Title VII or the Washington Law Against Discrimination, a plaintiff must show that: 1) he was subjected to verbal or physical conduct because of his membership in a protected class, 2) the conduct was unwelcome, and 3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Meritor v. Savings Bank v. Vinson*, 477 U.S. 57 (1986); *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003).

Courts must look at the totality of the circumstances when making a determination of whether a hostile work environment exists. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). This determination includes examining "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 787–88 (internal citation and quotation omitted). The hostile work environment standard is a demanding one and the conduct must be "extreme"

before it can "amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Here, Plaintiff's case is premised entirely on the October 20, 2017 incident. In response, Delta offers evidence that it took remedial actions immediately following the incident, including speaking with Plaintiff and his coworker, Akesa Feaomoeata, and issuing Ms. Feaomoeata a Corrective Action Notice. Dkt. # 27 at ¶¶ 3-5; Dkt. # 25 at ¶ 20; Dkt. # 25, Ex. H. Delta also contacted Plaintiff and assured him that Ms. Feaomoeata had been disciplined and he would no longer need to work with her. Dkt. # 25 at ¶ 20.

Plaintiff, for his part, does not dispute that his claim is based entirely on the October 20, 2017 incident. And while Plaintiff accuses Delta of being "fraudulent and dishonest" and expresses concerns regarding the "validity" Delta's evidence (Dkt. # 29 at 4), he offers no evidence to support these claims beyond his own uncorroborated allegations and inadmissible exhibits that are not authenticated or otherwise attested to under the penalty of perjury. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Although the Court appreciates Plaintiff is proceeding *pro* se, "[t]he summary judgment rules apply with equal force to *pro se* litigants because they must follow the same rules of procedures that govern other litigants." *Banks v. Soc'y of St. Vincent De Paul*, 143 F. Supp. 3d 1097, 1101 (W.D. Wash. 2015) (internal quotations omitted). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Here, the conduct complained about by Mr. Djitte simply does not rise to the level of creating a cognizable hostile work environment claim. *See e.g. Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 643-44 (9th Cir. 2003) (holding that alleged harassing conduct, including two racial epithets directed at the plaintiff, was insufficient to create a hostile work environment); *Sanchez v. City of Santa Ana,* 936 F.2d 1027 (9th Cir.1990) (finding

no hostile work environment despite allegations that the employer posted a racially offensive cartoon, made racially offensive slurs, targeted Latinos when enforcing rules, provided unsafe vehicles to Latinos, did not provide adequate police backup to Latino officers, and kept illegal personnel files on plaintiffs because they were Latino). Plaintiff's hostile work environment claim fails as a matter of law.

### B. Employment Discrimination

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must provide evidence that: (1) he was qualified for the position and doing satisfactory work, (2) he is a member of a protected class, (3) he suffered an adverse employment action, and (4) he was treated less favorably than similarly situated individuals who are not members of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973). The *McDonnel Douglas* framework has been adopted by the Washington Supreme Court when reviewing WLAD claims. *Wong v. Wells Fargo Bank*, No. C10-0180-JCC, 2011 WL 4063207, at *2 (W.D. Wash. Sept. 13, 2011). However, for WLAD claims, employees may also satisfy the pretext prong of the *McDonnell Douglas* framework by offering evidence that discrimination was a "substantial factor" in the employer's decision to take adverse employment action. *Scrivener v. Clark Coll.*, 181 Wash. 2d 439, 441 (2014). If the plaintiff succeeds in making out a prima facie case, the burden shifts to the defendant to provide a legitimate nondiscriminatory reason for its actions. If the defendant meets that burden, the plaintiff must in turn show that the articulated reason was merely a pretext for a discriminatory purpose. *McDonnell Douglas*, 411 U.S. at 802–04.

Here, there is no doubt that Plaintiff is a member of a protected class and that he was subject to an adverse employment action as a result of his termination. Therefore, to establish a prima facie case, Plaintiff must show he was performing his job satisfactorily

and that similarly situated employees not in his protected class received more favorable treatment. Plaintiff has not established a *prima facie* case of discrimination.

First, he has not shown that he was performing satisfactorily. Plaintiff does not dispute that he had attendance issues before the October 20, 2017 incident (Dkt. # 25 at ¶¶ 10-16), or that he stopped coming to work entirely after the incident (Dkt. # 25, Ex. I). Second, Plaintiff does not allege or offer any evidence to show that he was treated less favorably than similarly situated individuals who are not members of his protected class. Because Plaintiff has not met his initial burden on essential elements of his discrimination claim, Plaintiff's discrimination claim fails as a matter of law.

Even if he were able to make out a prima facie case of discrimination, Delta easily meets its burden to show a legitimate nondiscriminatory reason for terminating Plaintiff's employment. Delta offers substantial evidence to support its claims that Plaintiff had attendance issues before the October 20, 2017 incident, and that Plaintiff stopped coming to work entirely after the incident. Dkt. # 25 at ¶¶ 10-16, 28-33, Ex. I. Additionally, the record shows that Delta attempted multiple times to convince Mr. Djitte to return to work after the incident, but he refused. Dkt. # 27 at ¶¶ 3-7; Dkt. # 25 at ¶¶ 20, 24, 29-30; Dkt. # 28 at ¶¶ 2-4; Dkt. # 25, Ex. J.

Because Defendant has stated a legitimate nondiscriminatory reason for its actions, the burden shifts back to Plaintiff to produce specific, substantial evidence of pretext. He fails to do so. Plaintiff claims that Delta's explanation for his termination is "simply not true" and that he could not return to work because the company "failed to do something about discrimination at work." Dkt. # 29 at 4. But Plaintiff's conclusory assertion of pretext is unsupported by the record currently before the Court. Instead, the record shows that Delta initiated an investigation within days of the incident, issued Ms. Feaomoeata a Corrective Action Notice, and informed her that further misconduct would

result in immediate termination. Dkt. # 25 at ¶¶ 5, 39-42, Ex. H. The Court cannot infer pretext from these facts. Viewing the evidence in the light most favorable to Mr. Djitte, the Court finds that he has failed to carry his burden under the *McDonnell Douglas* framework and Defendant is entitled to summary judgment on his discrimination claim.

### C. Retaliation

Plaintiff's retaliation claim (to the extent his is asserting one) fails for similar reasons. The standard for retaliation under Title VII and the WLAD is identical, except for the causation element. Under Title VII, Mr. Djitte must establish the "but-for" cause of the adverse employment action, while under the WLAD he must demonstrate that the protected activity was a "substantial factor" in Delta's decision to take the adverse employment action. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,* No. 18-1171, 2020 WL 1325816, at *3 (U.S. Mar. 23, 2020) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346-47 (2013) (affirming but-for causation in Title VII retaliation claims); *Allison v. Hous. Auth. of City of Seattle*, 118 Wn.2d 79, 95 (1991) (rejecting "but-for" standard of causation in favor of more lenient "substantial factor" standard).

As with his discrimination claim, Mr. Djitte must first establish a prima facie case of retaliation, including: (1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that there was a causal link between his activity and the employment decision. *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir. 2003). If Mr. Djitte is able to assert a prima facie retaliation claim, the "burden shifting" scheme articulated in *McDonnell Douglas* applies. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Mr. Djitte easily satisfies the first two elements: (1) he raised concerns regarding his coworker's use of a racial slur, and (2) he was terminated. The remaining question,

then, is whether there is a causal link between Mr. Djitte reporting the October 20, 2017 incident and his subsequent termination. Here, the Court finds there is not. First, Plaintiff does not allege or offer any evidence to show that his decision to report the incident in any way contributed to Delta's decision to terminate him. Aside from the timing of his termination, the record is void of evidence linking his termination to the protected activity. Further undercutting Plaintiff's claim is substantial evidence that Delta attempted, on more than one occasion, to convince Mr. Djitte to *return* to work. Dkt. # 27 at ¶¶ 3-7; Dkt. # 25 at ¶¶ 20, 24, 29-30, Ex. J; Dkt. # 28 at ¶¶ 2-4. Drawing all reasonable inferences in favor of Mr. Djitte, the evidence is insufficient to avoid summary judgment on his retaliation claim.

### D. Discovery Issues[1]

In opposition to Delta's motion for summary judgment, Plaintiff revisits his untimely motion to compel the testimony of former Delta employee, Wabi Wagita, who purportedly witnessed the October 20, 2017 incident. Dkt. # 19. The Court previously denied Plaintiff's motion to compel and will not revisit it here. Dkt. # 34. Plaintiff also alleges that Delta's discovery responses in connection with this action were incomplete, although Plaintiff did not otherwise move to compel Delta to provide more complete responses. Notably, Plaintiff does not articulate how these discovery requests are likely to yield evidence giving rise to a triable issue of fact. *Qualls By & Through Qualls v. Blue Cross of California, Inc*., 22 F.3d 839, 844 (9th Cir. 1994) (holding district court does not abuse its discretion in denying further discovery where movant does not articulate how additional discovery would have precluded summary judgment).

---

[1] Defendant also filed a motion to compel. Dkt. # 16. However, because the Court is granting Defendant's motion for summary judgment, Defendant's motion to compel is terminated as **MOOT**. Dkt. # 16. To the extent Defendant wishes to apply for fees or costs, it may do so by separate motion.

Plaintiff's untimely and speculative assertion of "discovery issues" is insufficient to preclude summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.  Dkt. # 23.

DATED this 7th day of April, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge